IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| IN THE MATTER OF THE            ) | |
| APPLICATION FOR SEARCH      ) | Mag. No.: |
| WARRANT FOR:                         ) | |
|                                                      ) | |
| An Apple I-Phone,                       ) | |
| IMEI: 359215077656220,          ) | |
| Model Number: A1784              ) | |
|                                                      ) | |
| An Apple I-Phone,                       ) | |
| IMEI: 354449064384481,          ) | |
| Model Number: A1549              ) | |
|                                                      ) | |
| A Samsung Cell Phone,             ) | |
| IMEI: 353920063202354           ) | |
| Serial Number: R58G41TGFDG ) | |

**AFFIDAVIT IN SUPPORT OF A SEARCH WARRANT**

I, Kimberly Richardson, Special Agent with the Federal Bureau of Investigation (FBI), Washington Field Office (WFO), Washington, D.C., being duly sworn, depose and state the following:

1.  I am "an investigative or law enforcement officer" of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Section 2516 of Title 18, United States Code.

2.  I have been a Special Agent (SA) with the FBI since 2015. Currently, I am assigned to Squad CI-21 in the FBI's Washington Field Office, which is responsible for investigating high threat country counterintelligence matters. As such, I have investigated numerous counterintelligence matters and various other violations of federal law. I have also assisted in

several violent criminal matters at the Washington Field Office. Prior to becoming a Special Agent with the FBI, I was in the United States Army Reserves for eight years. I have received training in general law enforcement and federal investigations. During my tenure with the FBI, I have participated in the execution of multiple search warrants in which evidence and instrumentalities of both criminal and national security activities have been seized or utilized.

    3.    Based on my knowledge, experience and training, I am aware that:

    a.    Those involved in kidnapping often use cellular telephones or other electronic devices to facilitate the planning and execution of their criminal activities, including the text messaging features of their cellular telephones to further conceal their communications from law enforcement. Kidnappers periodically "drop" their cellular telephones and acquire new cellular telephones to facilitate their criminal activities in order to thwart detection by law enforcement, use and maintain multiple telephones subscribed in either their true or fictitious names, and compartmentalize the usage of each telephone between those involved;

    b.    Those involved in kidnapping use cellular telephones to take, or cause to be taken, photographs of those whom they have kidnapped to provide to others during ransom demands;

    c.    Kidnappers often keep address and/or telephone books, reflecting names, addresses, telephone numbers, pager numbers, fax numbers and/or telex numbers, including computerized or electronic address and telephone records, of their associates; and these address or telephone books can often be found on their cellular telephones or other electronic devices;

      d.      Kidnappers sometimes keep within their cellular telephones or other electronic devices, calendars, diaries, or other documents used to record schedules, meetings, conversations, or other events related to their criminal activities; and

      e.      Electronic devices can store information for long periods of time and even when a user deletes information from a device; it can sometimes be recovered using forensics tools.

4.    The statements contained in this affidavit are based in part upon your affiant's personal participation in this investigation, physical surveillance, and information provided by Special Agents of the FBI and other law enforcement officers who participated in the investigation. I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to obtain a search warrant for the target cellular telephones referenced *infra*.

5.    On the basis of my knowledge concerning this investigation, and on the basis of other information which I have reviewed and determined to be reliable, I allege the facts to show that there is probable cause to believe that SULTAN ALORINI, ANDRIY SHVAB, ELDAR REZVANOV and others known and unknown have participated in offenses involving kidnapping and conspiracy to do the same, and interstate communications with intent to commit extortion in violation of 18 U.S.C. §§ 1201 and 875. Specifically, there is probable cause to believe that the cellular telephones described in paragraph 6 *infra*, contain evidence and instrumentalities of violations of the aforementioned offenses, as more fully described in **Attachment B**.

6.    Your Affiant requests a search warrant to search:

      **a.**      **An Apple I-Phone,**
                **IMEI: 359215077656220,**
                **Model Number: A1784**

      **b.**      **An Apple I-Phone,**
                 **IMEI: 354449064384481,**
                 **Model Number: A1549**

      **c.**      **A Samsung Cell Phone,**
                 **IMEI: 353920063202354**
                 **Serial Number: R58G41TGFDG**

Items (a) through (c) are phones (hereinafter referred to as "target telephone 1," "target telephone 2," and "target telephone 3," respectively and described in **Attachment A**) seized incident to the arrest of SULTAN ALORINI, ANDRIY SHVAB, and ELDAR REZVANOV detailed further in paragraph 9.

## I.   Introduction

      7.      Beginning on November 8, 2016, your affiant received information concerning a suspected kidnapping which occurred in the Washington, D.C., metropolitan area. Specifically, your affiant received information from the FBI's Assistant Legal Attaché (ALAT) in Rome, Italy, that a witness (W-1) advised that he had been contacted by his friend, ▮▮▮▮▮▮, who was residing in the United States and who was being held for a ransom. W-1 stated that he had received pictures via text message from another individual (W-2) that showed ▮▮▮▮ with a bruised face and knife to his neck. He also received a message that contained the telephone number (202) ▮▮▮-▮▮▮▮, from which the above mentioned pictures were sent. The telephone number (202) ▮▮▮-▮▮▮▮ is the telephone number for target telephone 1. W-1 was eventually contacted by ▮▮▮▮ who stated that he needed W-1 to send him money or he would be killed. While W-1 was speaking to ▮▮▮▮, an unidentified individual began speaking to W-1, who demanded that W-1 pay $5,000 if W-1 wanted to see ▮▮▮▮ alive again.

## II. Facts and Circumstances

8. As a result of this and other information, on November 9, 2016, the FBI obtained two judicially authorized search warrants to receive Global Positioning System (GPS) data on two cellular telephones associated with ▓▓▓▓ (telephone number 202-▓▓▓▓▓▓) and one of the suspected kidnappers, SULTAN ALORINI (telephone number 202-▓▓▓▓▓▓ -- target telephone 1). Based upon GPS data and records checks from public and law enforcement databases, the FBI identified an address for ALORINI located at ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, Maryland. On the evening of November 9, 2016, GPS data for the victim's phone and target telephone 1 phone indicated that these cellular telephones were located in the vicinity of this residence. Furthermore, FBI Agents conducting surveillance observed ALORINI enter the aforementioned address. Agents from the FBI and other law enforcement personnel responded to this location and ultimately detained ALORINI and SHVAB after they exited the residence and located REZVANOV inside of the residence. Agents also located the victim ▓▓▓▓ inside of the residence. ▓▓▓▓ identified ALORINI, SHVAB, and ELDAR REZVANOV as participants in his kidnapping.[1] As a result, ALORINI, SHVAB and REZVANOV were all arrested and transported to the Metropolitan Police Department (MPD) for processing. The aforementioned

---

[1] After he was freed by law enforcement personnel on November 9, 2016, ▓▓▓▓ stated to investigators that he was abducted from the area near the Grand Hyatt Hotel in Washington, D.C., and transported to the apartment in ▓▓▓▓▓▓, Maryland. ▓▓▓▓ stated that he was abducted from the area of the Grand Hyatt on November 5th or 6th, 2016. A review of surveillance video from the Grand Hyatt revealed that the victim was at the Grand Hyatt on the evening of November 7, 2016, and cell site data for his cellular telephone also revealed his telephone located in this area. Surveillance video from the Grand Hyatt Hotel from November 6, 2016, did not reveal any footage of ▓▓▓▓. In a later interview, ▓▓▓▓ identified three males, including defendants REZVANOV and SHVAB as individuals who forced him into the vehicle outside of the Grand Hyatt, and that a short time later he was transferred to a vehicle in which defendant ALORINI was present. W-1 told authorities in Italy that some time prior to receiving the ransom demand on November 8, 2016, W-1 had spoken to ▓▓▓▓, and that ▓▓▓▓ did not mention anything about being kidnapped during this conversation.

cellular telephone, target telephone 1, was recovered from ALORINI's person during a search incident to arrest, while target telephone number 2 was recovered from SHVAB's person, and target telephone 3 was recovered from REZVANOV's person during searches incident to their arrests. Following the arrests, a search warrant was conducted at ███████████████ ████████, Maryland. Lease records for this apartment revealed that SHVAB and SULTAN ALORINI were named as the lessees. During the course of the search of the residence multiple zip ties, several pairs of handcuffs, multiple rolls of duct tape, two knives, and numerous shotgun shells were discovered. ██████ indicated in a statement that these items had been used to restrain him during the course of his abduction and imprisonment. ██████ further advised agents that he was abducted from the 1000 block of H Street, N.W., Washington, D.C., and eventually brought to ████████████████████████████, Maryland, where he was ultimately found by law enforcement personnel. ██████ informed agents that he entered the United States on or about September 1, 2016. After initially telling agents that he had come to the United States to obtain work in construction, ██████ admitted that W-2, referenced *supra*, had given him money to travel to the United States for the purpose of engaging in a fraud scheme to create fake prepaid credit cards in order to make withdrawals of money from ATM machines. ██████ stated that prior to entering the United States, W-2 had instructed him on how to make the fake credit cards, and told ██████ that he would be provided additional instructions on where to send some the money he obtained from the fraud. ██████ admitted that he made some fake prepaid credit cards and made a number of ATM withdrawals, but failed to send any money to W-2. ██████ further stated that he lost the computer he was using to make the fake prepaid credit cards, and later told W-2 that he lost the computer and no longer wished to participate in the fraud scheme.

9.      During a post arrest interview with agents, REZVANOV stated that his telephone number was ■■■■■■. A phone records analysis has shown that REZVANOV's telephone number (202) ■■■■■■, believed to be target telephone 3, has been used to call the victim ■■■■■■ phone on several occasions. Furthermore, records have shown that target telephone 1 has been used to contact both W-1 and W-2 referenced *supra,* as well as telephone number ■■■■■■, which law enforcement databases revealed is associated with SHVAB. Phone records have also shown that target telephone 1 has been in contact with telephone number ■■■■■■, provided by REZVANOV as his telephone number. All of these aforementioned contacts occurred between November 5, 2016, through November 9, 2016, which was shortly before and during the course of the alleged kidnapping. Based upon the aforementioned facts, your affiant submits that there is probable cause to believe that stored on target telephones 1, 2, and 3 are evidence and instrumentalities of the offenses of kidnapping, conspiracy to commit kidnapping, and interstate communications with intent to commit extortion in violation of 18 U.S.C. §§ 1201 and 875.

## III.     CONCLUSION

10.     Based on the all of the forgoing information presented in this affidavit, I submit that there is probable cause to believe that SULTAN ALORINI, ELDAR REZVANOV, ANDRIY SHVAB, and others both known and unknown have engaged in the offenses of kidnapping, conspiracy to commit kidnapping, and interstate communications with intent to commit extortion in violation of 18 U.S.C. §§ 1201 and 875,, and that stored within the electronic memory and files of the target telephones are evidence and instrumentalities of that conspiracy, and as set forth more fully in Attachment A of this affidavit in support of an application for the issuance of the search warrant, which is hereby incorporated by reference.

_____
Kimberly Richardson, Special Agent
Federal Bureau of Investigation
United States Department of Justice

Sworn to and subscribed before me this _____ day of December, 2016

_____
G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE
FOR THE DISTRICT OF COLUMBIA